IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNY BEANE | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-cv-00427-MJR-PMF |
| SUELLEN RILEY | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On May 23, 2011, Kenny Beane filed a pro se complaint in this United States District Court, vaguely alleging that a leasing agent for the housing authority of Jefferson County, Illinois, had violated his civil rights. Additionally, Beane filed a motion for leave to proceed *in forma pauperis*(Doc. 2) and a motion for appointment of counsel (Doc. 3).

In granting a motion for pauper status, a federal district court authorizes a lawsuit to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1)("any court of the United States may authorize the commencement … of any suit … without prepayment of fees…."). Additionally, Section 1915(e)(1) authorizes a federal court to "request an attorney to represent any person unable to afford counsel." *28 U.S.C. § 1915(e)(1)*.

Before the Court can grant pauper status or appoint counsel, however, it must carefully screen the complaint. Indeed Section1915(e)(2) requires federal courts to dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be

granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief. *28 U.S.C. § 1915(e)(2)*.

In the case at bar, the Court is satisfied from Beane's affidavit that he is indigent. The Court must now determine if his cause of action is frivolous. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). Furthermore, when assessing a petition to proceed *in forma pauperis*, a district court should inquire into the merits of the petitioner's claim, and if the court finds them to be frivolous it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court cannot determine that Beane's cause of action is not frivolous or malicious. Beane's complaint simply does not contain enough factual allegations to determine that his claim has merit. (Doc. 1). Beane tells the court which of his constitutional rights he thinks defendant Suellen Riley has violated but he does not describe the <u>facts</u> of what happened between him and Riley that caused those violations. The Court needs to know Beane's view of the <u>facts</u> of what happened between Beane and Riley before the Court can decide whether to allow him to proceed without prepayment of fees.

The Court **ORDERS** that Beane shall have up to and including **July 15, 2011**, to file a supplement to his complaint explaining the facts that gave rise to the violations alleged in the complaint. The Court **RESERVESRULING** on Beane's pending motions (Docs. 2 & 3) until after **July 15, 2011**. If Beane is unable to tell the Court the

facts on which his claims are based, in a more coherent manner, the Court may dismiss this action for failure to state a claim.

**IT IS SO ORDERED.**

**DATED: June 29, 2011**

                                                **s/ *Michael J. Reagan***
                                                **MICHAEL J. REAGAN**
                                                **UNITED STATES DISTRICT JUDGE**